## MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. *v.* ETHAN BOOK, JR., ET AL.
### (AC 27491)

Bishop, McLachlan and Borden, Js.

Argued September 9—officially released October 21, 2008

*Ethan Book, Jr.,* pro se, the appellant (named defendant).

*Thomas R. Ventre*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (defendant department of revenue services).

*David F. Borrino*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this mortgage foreclosure action, the defendant Ethan Book, Jr.,[1] appeals from the supplemental judgment of the trial court rendered in favor of the lienor defendant, the department of revenue services (department), in the amount of $27,135.07, ordering that sum to be paid to the department, and ordering further that the balance of the proceeds of the sale of the property involved be held pending further order of the court. The defendant raises seven claims on appeal.[2] We affirm the judgment of the trial court.

This is the second appeal by the defendant from a judgment of the trial court in this case. In the first appeal, this court noted the "tortuous" and "labyrinthine" "factual and procedural history" of the case; *Mortgage Electronic Registration Systems, Inc.* v.

[1] Book will hereinafter be referred to as "the defendant."

[2] The defendant's claims are: (1) "There are substantial due process defects to these proceedings, including systematic biases which effectively invalidate the judgments which are the subject of this [a]ppeal"; (2) "Related to the due process issue developed above, there is an interagency governmental conspiracy which is reflected in the subject judgments such as to fully invalidate them"; (3) "There is the appearance of an impermissible conflict of interest on the part of Superior Court Judge Earl Richards"; (4) "There is a lack of jurisdiction for the Superior Court to have issued the subject judgments for defective service by the [p]laintiff of the writ and complaint"; (5) "There is a lack of jurisdiction for the Superior Court to have issued the subject rulings for lack of court jurisdiction, that through lack of proper notice by the [p]laintiff to [the defendant] of the recording of the *lis pendens* for the judgment sought to be supplemented"; (6) "There is a lack of proper cause and jurisdiction for the assessments to which the [department] liens referred"; and (7) "The [department] liens were unlawfully presented." (Emphasis added.)

*Book,* 97 Conn. App. 822, 824–25, 908 A.2d 547 (2006), cert. denied, 283 Conn. 901, 926 A.2d 670 (2007); and, after fully considering the defendant's claims, affirmed the judgment under consideration in that appeal. Id., 836. It is fair to say that the defendant has continued the litigation tactics that caused this court to characterize the case as tortuous and labyrinthine.[3]

Some of the defendant's claims in this appeal were disposed of in the first appeal.[4] Suffice it to say that we have considered fully all of the defendant's claims that are properly before us; see footnote 4; and conclude that they are wholly without merit.

In this connection, we also note that on December 19, 2007, while this appeal was pending, this court ordered that "the defendant-appellant is prohibited from filing any further appeals or amended appeals in the underlying foreclosure action, *Mortgage Electronic Registration Systems, Inc.* v. *Ethan Book, Jr., et al.,* Docket No. CV-03-0403879-S. The appellate clerk's office is instructed not to accept and to return any documents in violation of this order. It is further ordered, sua sponte, that the defendant is prohibited from filing further motions or documents in appeal AC 27491 unless he obtains permission of this court." The defendant did not appeal from that order, and it remains in effect.

---

[3] At this point, the trial and appellate files constitute six large volumes that, when placed on top of each other, rise to a height of approximately sixteen inches.

[4] Of the first five claims raised in this appeal; see footnote 2; two claims, namely, numbers four and five, were stricken from the defendant's brief in the first appeal. *Mortgage Electronic Registration Systems, Inc.* v. *Book,* supra, 97 Conn. App. 826. Claim three, pertaining to the alleged conflict of interest on the part of Judge Richards, was raised and decided adversely to the defendant in the first appeal. See id., 827–31. We therefore decline to consider claims three, four and five. Consequently, the only claims that are properly before us are claims one, two, six and seven. See footnote 2.

To address any possible confusion about the future scope of such previous orders, we clarify those orders as follows: (1) the defendant remains prohibited from filing further motions or documents in this appeal, AC 27491, including, without limitation, motions to reargue or to reconsider, unless he obtains permission of this court, and the appellate clerk's office is instructed not to accept and to return any documents in violation of this order; (2) nonetheless, the defendant may, without permission of this court, file with the Supreme Court a petition for certification for permission to appeal to that court from our judgment in this appeal; and, (3) if certification for permission to appeal to the Supreme Court is denied, the defendant is prohibited from filing any future appeals or amended appeals from future orders of the trial court in the underlying foreclosure action, *Mortgage Electronic Registration Systems, Inc.* v. *Book*, Superior Court, judicial district of Fairfield, Docket No. CV-03-0403879-S, unless he obtains permission from this court, and the appellate clerk's office is instructed not to accept and to return any documents in violation of this order.

The judgment is affirmed.