KENNETH W. CLARK *v.* MARY ANN CLARK
(AC 32388)

Bishop, Beach and Sullivan, Js.

Argued May 31—officially released August 23, 2011

*Mary Ann Clark*, pro se, the appellant (defendant).

*Kenneth W. Clark*, pro se, the appellee (plaintiff).

*Opinion*

BEACH, J. The defendant, Mary Ann Clark, appeals from the judgment of the trial court dissolving her marriage to the plaintiff, Kenneth W. Clark, and from the

entry of various postjudgment orders. On appeal, the defendant raises several claims that were resolved in a prior appeal.[1] The defendant also claims that the court erred in failing to grant two of her pro se applications for subpoenas.[2] We affirm the judgment of the trial court.

The parties were married in 1987. The parties have two minor children. The plaintiff commenced this mari-

---

[1] The following claims, which the defendant raises in this appeal, were raised and resolved in her prior appeal in this matter, *Clark* v. *Clark*, 127 Conn. App. 148, 13 A.3d 682, cert. denied, 301 Conn. 914, 19 A.3d 1260 (2011): the court should have ordered continuation of private school for the parties' special needs child; the expenses for the special needs child were not taken into account in violation of the child support guidelines; the court failed to incorporate pendente lite support arrearage in its dissolution judgment; the court abused its discretion in failing to invoke the provisions of General Statutes § 46b-84 (e) in regard to insurance reimbursement for services provided to the parties' children; the court order regarding the plaintiff's pension is "extremely unclear," the court should not have ordered in its dissolution judgment that the Florida property be sold; the court improperly ordered that the parties share equally the fees incurred by the guardian ad litem and the attorney for the minor children. Because these claims were resolved in the defendant's first appeal in this matter, we decline to review them. See *Mortgage Electronic Registration Systems, Inc.* v. *Book*, 110 Conn. App. 833, 835 n.4, 956 A.2d 609 (2008), cert. denied, 290 Conn. 909, 964 A.2d 546 (2009).

[2] The defendant additionally claims that the court erred in failing to issue postjudgment orders allocating the responsibilities for joint liabilities. Because the defendant fails to specify the liabilities, we deem the claim inadequately briefed and decline to afford it review. See *Clark* v. *Clark*, 127 Conn. App. 148, 150 n.1, 13 A.3d 682, cert. denied, 301 Conn. 914, 19 A.3d 1260 (2011).

The defendant further argues that the court failed to find the plaintiff in contempt for borrowing against deferred assets and for failing to pay his debts. The defendant, however, does not identify the ruling or "failure to rule" with which she takes issue. As such, we are unable to review this claim. See, e.g., *Keating* v. *Ferrandino*, 125 Conn. App. 601, 603, 10 A.3d 59 (2010) (analysis rather than abstract assertion required to avoid abandoning issue by failure to brief issue properly).

It appears as if the defendant is also challenging the lifting of the appellate stay as to the sale of the Greenwich and Florida properties. "Practice Book § 61-14 provides that the sole remedy for review of a court's granting of a motion to terminate a stay of execution is to file a motion for review." *Lucas* v. *Deutsche Bank National Trust Co.*, 103 Conn. App. 762, 767, 931 A.2d 378, cert. denied, 284 Conn. 934, 935 A.2d 151 (2007).

tal dissolution action in June, 2006. Following a trial, the court, by memorandum of decision filed August 18, 2009, dissolved the parties' marriage and issued various orders. The court awarded sole legal and physical custody of the two minor children to the defendant and ordered the plaintiff to pay child support. The court also ordered that the parties list for sale their real estate property in Greenwich and in Boca Raton, Florida. The defendant was to receive 65 percent of the net proceeds and the plaintiff 35 percent. In September, 2009, the defendant appealed from the judgment of dissolution. We reversed the judgment insofar as it failed to include the arrearage of pendente lite support and remanded the case for further proceedings as to that issue, and affirmed the judgment in all other respects. *Clark* v. *Clark*, 127 Conn. App. 148, 160, 13 A.3d 682, cert. denied, 301 Conn. 914, 19 A.3d 1260 (2011).

In September, 2009, the defendant filed a motion to reargue and/or to open the judgment of dissolution. The court held a hearing on the motion on March 8, 2010. The court granted reargument but denied the motion in all other respects. The defendant filed the present appeal on March 12, 2010, challenging the judgment of dissolution and the court's ruling denying relief on the motion to reargue and/or to open. The defendant filed amended appeals to include various later rulings of the court.

We now turn to the defendant's claim that the court improperly denied two of her pro se applications for a subpoena. We note that we review a court's ruling on a pro se application for a subpoena under the abuse of discretion standard. See Practice Book § 7-19.

The defendant first argues that the court erred in denying her application for a "subpoena for Bank of America, the bank which holds the $405,000 note that is solely in the name of the plaintiff." The defendant

filed multiple applications for subpoenas and does not specify the ruling at issue. It appears, however, that the defendant is referring to her pro se application for the issuance of a subpoena for the "note [or] loan [and] [m]ortgage Bank of America holds on [the Florida property]," which was filed on June 1, 2010.[3] The court simply wrote, "[d]enied [June 4, 2010]," on the application. Without more, we cannot say that the court abused its discretion. The application, moreover, appears to have been made in connection with a hearing on her May 12, 2010 motion for articulation and clarification in which she requested, inter alia, that the court articulate that the note and mortgage on the Florida property was held solely by the plaintiff.[4] A hearing was held on June 23, 2010, regarding this motion. To the extent that we can draw conclusions from the comments made by the court during this hearing, we conclude that the court did not abuse its discretion in denying the application.

At the June 23, 2010 hearing on the defendant's motion for clarification and articulation, the defendant stated that, despite her being a co-owner of the Florida property, Bank of America would not give her information about the note and mortgage on that property because the note was held solely by the plaintiff. Counsel for the plaintiff responded that both parties signed the mortgage deed and that he had provided the defendant with a copy of the mortgage deed containing both

---

[3] The defendant identifies the application for the subpoena as document 431 in the court file. Document 431 is an objection to a motion, and document 431.10 is an application for a subpoena for certain information from United Healthcare. It appears that the defendant actually is referring to document 527, which is an application for a subpoena for certain documents from Bank of America. Accordingly, we will focus on that subpoena in our analysis of this claim.

[4] In its dissolution judgment, the court stated that the net proceeds to be divided from the sale of the Greenwich and Florida properties were to be determined after, inter alia, all outstanding existing mortgages were paid. The court also stated that the parties were to be responsible for their own debts.

signatures. The defendant responded that her signature on the mortgage deed was "of great suspicion" and hence, on June 1, 2010, she filed an application to subpoena the note and mortgage from the Bank of America. The court asked the defendant whether the note and mortgage had been submitted at trial. The defendant responded in the negative. The court responded that mortgage deeds and liens on real estate are filed in the land records, which are public, and that there are mechanisms for submitting certified copies of such documents at trial. The court concluded that regardless of whether the note was signed by one party, the mortgage on the Florida property was a joint debt based on the fact that the plaintiff and the defendant signed the mortgage deed, which it had before it.[5]

We cannot conclude that the court abused its discretion in denying the application for the subpoena. The subpoena, so far as we can tell, was not relevant to the court's decision on the motion for articulation and clarification. The court was asked to articulate certain rulings in its August 18, 2009 judgment of dissolution. The defendant admitted that she did not submit the mortgage deed or note as evidence at trial. The subpoena at issue here apparently was requested for the purpose of contesting a prior ruling and, as such, was not relevant to the court's articulation of rulings made in its judgment of dissolution. Even if, however, the items requested in the subpoena were arguably relevant, we cannot say that the court abused its discretion in denying the application because, as the court indicated, the defendant could have obtained at least much of the information requested in the subpoena through other means.

---

[5] The defendant makes no claim on appeal regarding the court's reliance on the mortgage deed in categorizing the mortgage on the Florida property as a joint debt.

The defendant also claims that the court erred by denying her application to subpoena certain records concerning "the plaintiff's actual income and benefit records from his employer, American Airlines." The defendant argues: "The court, by denying the request of subpoena . . . did not consider in preparing the memorandum of decision actual income and benefits of the plaintiff in 2009 although the plaintiff had received income information from the defendant's brokerage agency." (Citation omitted.)

The defendant does not specify the ruling with which she takes issue. It appears, however, as if the defendant is referring to her application to subpoena a representative of American Airlines to testify at trial, reasoning that the company "has information and documentation regarding the plaintiff's employment that he has not provided to date." On January 12, 2009, the court granted the application for the subpoena. The defendant also applied for a posttrial subpoena for documents from American Airlines, which the court also granted. Because the defendant apparently prevailed in the trial court, there is no adverse ruling for us to review.

The judgment is affirmed.

In this opinion the other judges concurred.