******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EDWARD J. O'HARA *v.* JANE M. MACKIE
(AC 35648)

DiPentima, C. J., and Alvord and Schaller, Js.

*Argued April 8—officially released July 8, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Emons, J.)

*Edward J. O'Hara*, self-represented, the appellant
(plaintiff).

*Barbara M. Schellenberg*, with whom, on the brief,
was *Richard L. Albrecht*, for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Edward J. O'Hara, appeals from the judgment of the trial court dissolving his marriage to the defendant, Jane M. Mackie. The plaintiff claims that the court abused its discretion in (1) denying his application for the issuance of a subpoena; (2) excluding medical documents from evidence; (3) refusing to hear his motion for attorney's fees; (4) refusing to award him alimony; and (5) sealing medical documents.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The parties were married in 2007. On July 18, 2012, the plaintiff filed a complaint seeking dissolution of the marriage. On July 31, 2012, the defendant filed a cross complaint seeking dissolution of the marriage. On August 10, 2012, the plaintiff amended his complaint and sought an annulment of the marriage. Following a trial, the court rendered judgment dissolving the marriage in accordance with the defendant's cross complaint and issued various orders. This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiff's first claim is that the court erred in denying his application for a subpoena. Applying the abuse of discretion standard of review, we reject this claim. See *Clark* v. *Clark*, 130 Conn. App. 786, 789, 26 A.3d 640 (2011).

The plaintiff filed an application for the issuance of a subpoena in which he sought permission to subpoena the defendant as a witness, and an order requiring her to bring "[a]ll records concerning examinations and test for venereal diseases with Dr. Patricia Y. Allen or Drs. Marks & Ellis, NYC," to trial. The court denied the application without explanation.

Under Practice Book § 7-19, a "judge shall conduct an ex parte review of the application and may direct or deny the issuance of subpoenas as such judge deems warranted under the circumstances, keeping in mind the nature of the scheduled hearing and future opportunities for examination of witnesses, as may be appropriate."

We cannot say that there was an abuse of discretion in denying the application. The defendant testified at trial; no subpoena to ensure her presence was needed. The records requested in the subpoena were purportedly those kept by two New York physicians. Thus, as in *Clark* v. *Clark*, supra, 130 Conn. App. 791, the information sought could have been obtained through other more appropriate means. See Practice Book § 13-28; *Struckman* v. *Burns*, 205 Conn. 542, 552, 534 A.2d 888 (1987).

II

The plaintiff's second claim is that the court improperly excluded medical documents from evidence.

During the trial, the plaintiff sought, over various objections from the defendant, to have medical documents pertaining to the defendant admitted into evidence. The court reviewed each document before admitting some as full exhibits while excluding others as duplicative, privileged medical records, unauthenticated, incomplete or otherwise inadmissible.

"Our standard of review for evidentiary matters allows the trial court great leeway in deciding the admissibility of evidence. The trial court has wide discretion in its rulings on evidence and its rulings will be reversed only if the court has abused its discretion or an injustice appears to have been done. . . . The exercise of such discretion is not to be disturbed unless it has been abused or the error is clear and involves a misconception of the law." (Internal quotation marks omitted.) *Nweeia* v. *Nweeia*, 142 Conn. App. 613, 626, 64 A.3d 1251 (2013).

After careful consideration of the record, we cannot say that the court abused its discretion with respect to the documents that it did not admit into evidence.

### III

The plaintiff's third claim is that the court erred in refusing to hear his motion for attorney's fees.

On August 3, 2012, the plaintiff filed a motion for attorney's fees. On April 1, 2013, shortly before trial was scheduled to commence, the court held a hearing. During the hearing, the court determined that the motion for attorney's fees would require an additional evidentiary hearing, which it did not have time to schedule before trial. The court therefore proposed to address the motion at the time of trial. The plaintiff agreed to that proposal.

Despite agreeing to the proposal, the plaintiff never renewed his motion for attorney's fees at trial. Accordingly, we conclude that the court did not abuse its discretion. See *Campbell* v. *Campbell*, 120 Conn. App. 760, 764, 993 A.2d 984 (2010) ("matters involving judicial economy, docket management or courtroom proceedings . . . are particularly within the province of a trial court" [internal quotation marks omitted]).

### IV

The plaintiff's fourth claim is that the court abused its discretion in refusing to award him alimony.

Our standard of review is well established. "We will not reverse a trial court's rulings regarding financial orders unless the court incorrectly applied the law or could not reasonably have concluded as it did. . . . A fundamental principle in dissolution actions is that a trial court may exercise broad discretion in awarding

alimony and dividing property as long as it considers all relevant statutory criteria. . . . In reviewing the trial court's decision under [an abuse of discretion] standard, we are cognizant that [t]he issues involving financial orders are entirely interwoven. The rendering of judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other. . . . A reviewing court must indulge every reasonable presumption in favor of the correctness of the trial court's action to determine ultimately whether the court could reasonably conclude as it did. . . . This standard of review reflects the sound policy that the trial court has the opportunity to view the parties first hand and is therefore in the best position to assess all of the circumstances surrounding a dissolution action, in which such personal factors such as the demeanor and the attitude of the parties are so significant." (Internal quotation marks omitted.) *Keenan* v. *Casillo*, 149 Conn. App. 642, 663,     A.3d    (2014).

General Statutes § 46b-82 governs awards of alimony. "That section requires the trial court to consider the length of the marriage, the causes for the . . . dissolution of the marriage . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . . In awarding alimony, [t]he court must consider all of these criteria. . . . It need not, however, make explicit reference to the statutory criteria that it considered in making its decision or make express findings as to each statutory factor." (Internal quotation marks omitted.) Id., 664.

On appeal, the plaintiff bases his claim for alimony in large part on his receiving state aid. The record does not reflect that the plaintiff received state aid. In fact, the plaintiff neither alleged in his complaint nor presented evidence to the court that he received state aid. Save for the defendant's testimony, which was that neither she nor the plaintiff had received state aid, the topic was never presented to the court. In any event, the record supports the court's determination with respect to alimony. The court heard evidence that the marriage lasted less than six years and that no children were born of the marriage. The court also had before it exhibits and testimony regarding the education, occupation, employability and finances of the parties. On the basis of the evidence before it, we cannot say that the court abused its discretion in not awarding alimony to the plaintiff.

V

The plaintiff's fifth claim is that the court abused its discretion in sealing medical documents. We conclude that this claim was waived and therefore decline to afford it review.

The following facts are relevant to our discussion of this claim. The court excluded from evidence certain medical documents belonging to the defendant. Those same documents were ordered sealed. The court explained that it was sealing the documents "for the purpose of privacy and so that they may be preserved for appeal." The plaintiff, at first, objected to the order, but directly after hearing the court's explanation, stated that he no longer had any objection to the court's decision to seal the documents. Thus, he presumably sought only to preserve his challenge of the documents on admissibility grounds—which we addressed in part II of this opinion—not on the ground that the court improperly sealed the documents.

"[W]aiver is [t]he voluntary relinquishment or abandonment—express or implied—of a legal right or notice. . . . In determining waiver, the conduct of the parties is of great importance. . . . When a party consents to or expresses satisfaction with an issue at trial, claims arising from that issue are deemed waived and may not be reviewed on appeal. . . . Thus, [w]aiver . . . involves the idea of assent, and assent is an act of understanding." (Internal quotation marks omitted.) *State* v. *Cancel*, 149 Conn. App. 86, 100, 87 A.3d 618, cert. denied, 311 Conn. 954,      A.3d      (2014).

The plaintiff assented to the court's decision to seal the documents. We therefore conclude that he waived any claim challenging that decision.

The judgment is affirmed.

[1] The plaintiff also claims that the trial court improperly "convert[ed]" his complaint for annulment into a complaint for dissolution. He appears to argue that the court did not address his annulment action. The record reflects otherwise. In rendering judgment, the court expressly rejected the annulment action.